# EXHIBIT A



**MITSUBISHI MOTORS NORTH AMERICA, INC.**
4031 Aspen Grove Dr., Suite 650
Franklin, TN 37067
www.mitsubishicars.com

January 9, 2026

**VIA EMAIL AND CERTIFIED U.S. MAIL – RETURN RECEIPT REQUESTED**

Mr. Gholam Abbas Baahmadi, Dealer Principal
Bazoft Automotive, LLC d/b/a South Coast Mitsubishi
2480 Harbor Blvd.
Costa Mesa, CA  92626
admin@southcoastmitsubishi.com

**Re:    Notice of Termination of Mitsubishi Dealer Sales and Service Agreement**

Dear Mr. Baahmadi:

Bazoft Automotive, LLC d/b/a South Coase Mitsubishi ("Dealer") and Mitsubishi Motors North America, Inc. ("MMNA") are parties to a Mitsubishi Dealer Sales and Service Agreement dated October 27, 2023 (the "Dealer Agreement"), which renewed Dealer as an authorized dealer of Mitsubishi products at 2480 Harbor Blvd. in Costa Mesa, California (the "Dealership Premises"). Dealer has failed to comply substantially with the reasonable requirements of the Dealer Agreement and the Mitsubishi Dealer Sales and Service Agreement Standard Provisions incorporated by reference therein (the "Standard Provisions") in a manner that constitutes multiple material breaches of the Dealer Agreement and provides good cause for termination of the Dealer Agreement under applicable California law.

> **NOTICE TO DEALER: You have the right to file a protest with the NEW MOTOR VEHICLE BOARD in Sacramento and have a hearing in which you may protest the termination of your franchise under provisions of the California Vehicle Code. You must file your protest with the board within 30 calendar days after receiving this notice or within 30 days after the end of any appeal procedure provided by the franchisor or your protest right will be waived.**

**Dealer's Refusal to Comply with VI Requirements.**

Dealer has failed to comply with MMNA's Visual Identity ("VI") Program and implement the key elements of that program at the Dealership Premises notwithstanding promises made by Dealer that it would do so.  In the Addendum to the Dealer Agreement, Dealer expressly promised "to implement, purchase and install (as allowed by local ordinances) all required interior and exterior elements of the Mitsubishi Motors Visual Identity Program ('VI Program' or 'VI')" at its facility within six months of renewal, i.e. by April 27, 2024.  Moreover, in its Dealer Development Plan ("DDP"), which is incorporated into the Dealer Agreement, Dealer agreed that it "will implement all mandatory authorized elements of the Retail Image Program" (i.e., the VI Program). These promises were a material inducement to MMNA when renewing the Dealer

Agreement and granting Dealer the right to conduct dealership operations as an authorized Dealer.  Dealer also acknowledged that any breach of its VI Program obligations would constitute good cause for termination of the Dealer Agreement.

MMNA has made repeated attempts to persuade Dealer to comply with its contractual obligations and advised Dealer that its continued refusal to comply with MMNA's brand requirements constitutes a material breach of the Dealer Agreement.  MMNA communicated with Dealer on several occasions to discuss the VI Program prior to issuing a Notice of Default dated February 20, 2025, in which MMNA advised Dealer it was in breach of the Dealer Agreement due to its failure to implement the VI Program at the Dealership Premises and comply with the VI Program deadlines.  Dealer signed a VI proposal in February 2025, but could not obtain financing for the fabrication of signage in connection with the VI program and promptly placed implementation of the VI program on hold.

On or about December 2, 2025, a South Coast employee purported to email MMNA directing that MMNA "release the hold" on fabrication of signage for the VI Program. Because that employee did not have the authority to approve such action on Dealer's behalf, and because it was not clear Dealer had obtained financing to pay for such work, MMNA on December 11, 2025 sent an email to you in your capacity as Dealer Principal requesting that you confirm that this was how Dealer wanted to proceed. MMNA requested a response by December 18, 2025 and told Dealer that MMNA was willing to extend the deadline to implement the VI program at the dealership until May 15, 2026 and enter into an addendum to the Dealer Agreement to this effect.  MMNA warned that if Dealer did not respond by December 18, 2025, then MMNA would presume Dealer did not intend to implement the VI Program at the dealership and proceed accordingly.  Dealer did not respond to MMNA's request by December 18, 2025 or any time thereafter.

Dealer's refusal to implement the VI Program at the Dealership Premises constitutes a material breach of the Dealer Agreement and provides a basis for MMNA to terminate the Dealer Agreement under Section X.B.3.b of the Standard Provisions to the Dealer Agreement. Dealer's failure to implement the VI Program at the Dealership Premises violates other provisions of the Dealer Agreement, as well.  Under Section IV.H of the Standard Provisions to the Dealer Agreement, Dealer agreed "to buy or rent from MMNA, or from sources designated by MMNA and to erect and maintain on the Dealership Premises, entirely at Dealer's expense, authorized sales and service signs conforming to the requirements established and approved for Dealer's use by MMNA."  Moreover, under Section IX of the Standard Provisions, Dealer holds only a limited, nonexclusive license to display the Mitsubishi Trademarks and may do so only in the manner authorized by MMNA.  Despite repeated attempts by MMNA to persuade Dealer to honor the promises it made to comply with MMNA's reasonable VI Program requirements and use the Mitsubishi Trademarks in an authorized manner, Dealer has refused. Dealer's refusal to implement the VI Program constitutes separate material breaches of these provisions of the Dealer Agreement and provides an independent basis under Section X.B.2.j of the Standard Provisions for MMNA to terminate the Dealer Agreement.

In addition to these contractual remedies, MMNA holds trademark rights under federal law, which it will enforce against dealers who display Mitsubishi trademarks in an unauthorized manner. *See, e.g., Mitsubishi Motors North America, Inc. v. John Deery Motors, Inc.,* Case No. 6:24-cv-02049-MAR, U.S. District Court for the Northern District of Iowa.

**Accordingly, because Dealer's failure to implement the VI Program at the Dealership Premises constitutes multiple material breaches of the Dealer Agreement, MMNA hereby gives notice of its intent to terminate the Dealer Agreement pursuant to Sections X.B.3.b and X.B.2.j of the Standard Provisions effective 5:00 p.m. Pacific Time on March 10,  2026, or sixty (60) days from Dealer's receipt of this notice, whichever is later.  This notice shall further serve as formal notice of MMNA's intent to terminate the Dealer Agreement in compliance with the requirements of Cal. Veh. Code § 3060(a)(1).**

Docusign Envelope ID: 28AB3F82-8D01-4FF2-AF31-C5CF82D2C9C8

## Termination Requirements

As of the earliest effective date of termination referenced above, Dealer must refrain from the further distribution and sale of new Mitsubishi products; remove from its Dealership Premises and discontinue use of all signs, trademarks, or trade names of MMNA used by it in connection with the sale and distribution of Mitsubishi products; refrain from any further advertising or publicity referring to Mitsubishi products, "Mitsubishi Motors," or Mitsubishi Motors North America, Inc.; return to MMNA all advertising materials provided by MMNA to Dealer free of charge; and otherwise comply fully with all of the provisions of the Dealer Agreement regarding a dealer's duties upon termination.  Termination of the Dealer Agreement also terminates any rights provided to Dealer under the Dealer Agreement to use MMNA trademarks and/or trade dress, including, without limitation, Dealer's MMNA signage at the Dealership Premises.   Termination of the Dealer Agreement also terminates any Dealer Equipment Lease and/or Software License between Dealer and MMNA.  Dealer will be advised in writing of its obligations under that license and the procedures for returning the software and/or equipment to MMNA.

Within thirty (30) days from the effective date of termination, Dealer should deliver to MMNA a detailed inventory listing any items referred to in Sections X.G.(1)-(4) of the Standard Provisions to the Dealer Agreement, and requesting that MMNA fulfill any repurchase obligations that it may have thereunder or under any applicable state law and of which Dealer wishes to take advantage. In the meantime, and until the effective date of termination, MMNA will continue to conduct business with Dealer according to the Dealer Agreement, and MMNA expects Dealer to fulfill its responsibilities and obligations under the Dealer Agreement.

MMNA further reserves and does not waive its rights to raise any other breaches of the Dealer Agreement that may exist now or in the future, and to issue notices of breach and/or termination pertaining to any such breach. This letter, and the notices provided herein, shall not be construed as a waiver of any other rights MMNA may possess against Dealer under any applicable agreement or law.

Sincerely,

DocuSigned by:

*ken konieczka*

CFDBE097A0D44ED...

Ken Konieczka
Senior Vice President, Sales Operations
Mitsubishi Motors North America, Inc.

DocuSigned by:

*Katherine Knight*

D5BF1D14FD994FE...

Katherine Knight
Senior Vice President, Chief Administrative Officer
Mitsubishi Motors North America, Inc.

cc:     California New Motor Vehicle Board (*via email, nmvb@nmvb.ca.gov*)
        Robin Parker, Chief Counsel, California New Motor Vehicle Board (*via email, robin.parker@nmvb.ca.gov*)
        MMNA Legal Department (*via email*)